# UNITED STATES DISTRICT COURT

For the

District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>the black Galaxy A01cellular telephone, with a<br>broken screen, s/n: R9PR508Y76K, belonging<br>to MARK ARNOLD BLAKE | )<br>)<br>)  Case No.   22-4016mb<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer of an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seized the person or property.

**YOU ARE COMMANDED** to executed this warrant on or before          February 4, 2022 _____
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established

Unless delayed notice is authorized below, you must give a copy of the search warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Any United States Magistrate Judge      On Duty in the District of Arizona          .

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for the delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.

☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 1/21/2022 at 1:07pm                    _____
*Judge's signature*

City and state:      Flagstaff, Arizona _____          Camille D. Bibles, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 22-4016mb | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:_____

_____
*Executing officer's signature*

_____
*Printed name and title*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A

## DESCRIPTION OF THE PROPERTY AND ITEMS TO BE SEARCHED

**PROPERTY**:

　　The black Galaxy A01 cellular telephone with a broken screen, serial number (s/n): R9PR508Y76K, belonging to MARK ARNOLD BLAKE.

**ITEMS**:

Search for all items listed within ATTACHMENT B.

**ATTACHMENT B**

**ITEMS TO BE SEARCHED AND SEIZED**

1.  Images or documents related to explosive devices or materials used for the manufacture of explosive devices.

2.  Information, correspondence, records, documents or other materials pertaining to the purchase, manufacture or possession of explosive devices or materials used for the manufacture of explosive devices.

3.  Records evidencing ownership of digital device.

# UNITED STATES DISTRICT COURT

for the

## District of Arizona

In the Matter of the Search of )
the black Galaxy A01 cellular telephone, with a )
broken screen, s/n: R9PR508Y76K, belonging )    Case No. 22-4016mb
to MARK ARNOLD BLAKE )
)
)

## ELECTRONIC APPLICATION FOR A SEARCH WARRANT

I, Special Agent Dawn A. Martin, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the District of Arizona.

**SEE ATTACHMENT A**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
     ☒ evidence of a crime;
     ☐ contraband, fruits of crime, or other items illegally possessed;
     ☐ property designed for use, intended for use, or used in committing a crime;
     ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of

26 U.S.C. §5842, 5845(a) & (f), 5861(i) and 5871 – Knowingly and unlawfully possess a firearm, specifically a destructive device which was not identified by a Serial Number

     ☒ Continued on the attached affidavit (Attachment C). Further, the affidavit in support of this Application for Search Warrant is herein incorporated by reference.

     ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103 A, the basis of which is set forth on the attached sheet.

Date: _____01/20/22_____                   *Dawn A Martin*
                                                 *Applicant's signature*

              _____             Dawn A Martin, Special Agent, FBI
Reviewed by Joseph E. Koehler, AUSA                  *Printed name and title*

                          *by Telephone*
Sworn to before me and signed ~~in my presence~~.

Date: *1/21/2022*                                           *Judge's signature*

City and state: _____Flagstaff, Arizona_____        Camille D. Bibles, United States Magistrate Judge
                                               *Printed name and title*

1

## ATTACHMENT A

2

## DESCRIPTION OF THE PROPERTY AND ITEMS TO BE SEARCHED

3 **PROPERTY**:

4    The black Galaxy A01 cellular telephone with a broken screen, serial number (s/n): R9PR508Y76K, belonging to MARK ARNOLD BLAKE.

5

6 **ITEMS**:

7 Search for all items listed within ATTACHMENT B.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## ATTACHMENT B

2

## ITEMS TO BE SEARCHED AND SEIZED

3    1.    Images or documents related to explosive devices or materials used for the manufacture of

4  explosive devices.

5    2.    Information, correspondence, records, documents or other materials pertaining to the purchase,

6  manufacture or possession of explosive devices or materials used for the manufacture of explosive devices.

7    3.    Records evidencing ownership of digital device.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

Your affiant, Dawn A Martin, a Special Agent with Federal Bureau of Investigation (FBI), being duly sworn, states as follows:

### INTRODUCTION

On or about January 2, 2022, in Navajo County, in the District of Arizona, the defendant, MARK ARNOLD BLAKE, did knowingly and unlawfully possess a firearm, specifically a destructive device, that is an explosive device made from a grenade that was black in color with a green fuse, which was not identified by a serial number as required by chapter 53 of Title 26 of the United States Code and 27 C.F.R. § 479.102, in violation of Title 26, United States Code, Sections 5842, 5845(a) & (f), 5861(i), and 5871.

### PRELIMINARY BACKGROUND INFORMATION

1.      I, Dawn A Martin, have been employed as a Special Agent of the Federal Bureau of Investigation since April of 2004, and am currently assigned to the Phoenix Field Office, Flagstaff Resident Agency.  As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.  I have been assigned to conduct investigations related to Domestic Terrorism.

2.      The information contained in this affidavit is based on my experience and background as a Special Agent, my personal knowledge, and/or information provided to me by other law enforcement officers.  Because this affidavit is being made to establish probable cause of violations of 26 U.S.C. §§ 5842, 5845(a) & (f), 5861(i), and 5871, which make it a crime to possess a destructive device which is not identified by a serial number, your affiant has not listed every fact known regarding the investigation of this incident.

### DEFINITIONS

3.      The following non-exhaustive list of definitions applies to this Affidavit and Attachments A and B (collectively referred to as "warrant"):

a. "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." See also 18 U.S.C. § 1030(e)(1).

b. "Digital device" includes any electronic system or device capable of storing and/or processing data in digital form, including the following:   central processing units; laptop or notebook computers; PDAs; wireless communication devices such as telephone paging devices, beepers and mobile telephones; peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors and drives intended for removable media; related communications devices such as modems, cables and connections; storage media such as hard disk drives, floppy disks, compact disks, magnetic tapes and memory chips; and security devices.

## BACKGROUND ON COMPUTERS AND EVIDENCE ASSESSMENT PROCESS

4.      Based on my knowledge, training, and experience, as well as information related to me by agents and others involved in the forensic examination of digital devices, I know that segregating information before commencement of the review of digital evidence by the examining agent is inconsistent with the evidence assessment process. This is true in part because the items to be searched will not only contain evidence of the crimes described in the warrant but also will contain the identity of the user/possessor of the device as well as evidence as to the programs and software used to perpetrate the crimes described in the warrant, which may be located throughout the areas to be searched.

a. As further described in Attachment B, this warrant seeks permission to locate not only computer files that might serve as direct evidence of the crimes described in the warrant, but also for evidence that establishes how computers were used, the purpose of their use, and who used them.

b. As described above and in Attachment B, this application seeks permission to search and seize certain records that might be found in whatever form they are found. One form in which the records might be found is stored on a computer's hard drive, or other electronic media. Some of these electronic records might take the form of files, documents, and other data that is user-generated. Some of these electronic records, as explained below, might take a form that becomes meaningful only upon forensic analysis.

c. Although some of the records called for by this affidavit might be found in the form of user-generated documents (such as word processor, picture and movie files), computer hard drives can contain other forms of electronic evidence that are not user-generated. In particular, a computer hard drive may contain records of how a computer has been used, the purposes for which it was used and who has used these records, as described further in the attachments. For instance, based upon my knowledge, training, and experience, as well as information related to me by agents and others involved in the forensic examination of digital devices, I know the following:

   i. Data on the hard drive not currently associated with any file can provide evidence of a file that was once on the hard drive but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   ii. Virtual memory paging systems can leave traces of information on the hard drive that show what tasks and processes on the computer were recently in use.

   iii. Web browsers, e-mail programs and chat programs store configuration information on the hard drive that can reveal information such as online nicknames and passwords.

    iv. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices and the times the computer was is use.

    v. Computer file systems can record information about the dates files were created and the sequence in which they were created. This information may be evidence of a crime or indicate the existence and location of evidence in other locations on the hard drive.

d. Further, in finding evidence of how a computer has been used, the purposes for which it was used and who has used it, sometimes it is necessary to establish that a particular thing is not present on a hard drive or that a particular person (in the case of a multi-user computer) was not a user of the computer during the time(s) of the criminal activity. For instance, based upon my knowledge, training and experience, as well as information related to me by agents and others involved in the forensic examination of digital devices, I know that when a computer has more than one user, files can contain information indicating the dates and times that files were created as well as the sequence in which they were created, and, for example, by reviewing the Index.dat files (a system file that keeps track of historical activity conducted in the Internet Explorer application), whether a user accessed other information close in time to the file creation dates, times and sequences so as to establish user identity and exclude others from computer usage during times related to the criminal activity.

e. Evidence of how a digital device has been used, what it has been used for and who has used it, may be the absence of particular data on a digital device and requires analysis of the digital device as a whole to demonstrate the absence of particular data. Evidence of the absence of particular data on a digital device is not segregable from the digital device.

f.  The types of evidence described above may be direct evidence of a crime, indirect evidence of a crime indicating the location of evidence or a space where evidence was once located, contextual evidence identifying a computer user and contextual evidence excluding a computer user. All of these types of evidence may indicate ownership, knowledge and intent.

g.  This type of evidence is not "data" that can be segregated, that is, this type of data cannot be abstractly reviewed and filtered by a seizing or imaging agent and then transmitted to investigators. Rather, evidence of this type is a conclusion, based on a review of all available facts and the application of knowledge about how a computer behaves and how computers are used.

## DETAILS OF THE INVESTIGATION

5.  On January 2, 2022, Navajo County Sheriff's Office (NCSO) Master Deputy C. Baldwin responded to the residence of MARK ARNOLD BLAKE, located in Snowflake, Arizona, in reference to an attempted suicide.

6.  Officers were responding to a call from a Charge Nurse with Summit Healthcare, who had called NCSO to request a welfare check on BLAKE. The Charge Nurse reported BLAKE contacted Summit Healthcare stating he took a bottle of Wellbutrin (an anti-depressant medication) and wanted to kill himself. The Charge Nurse called NCSO a short time later advising BLAKE had stated he had a hand grenade inside his fifth wheel trailer. BLAKE stated he had the means to use the grenade, but it was not on his person and BLAKE was outside in his van.

7.  Master Deputy Baldwin made contact with BLAKE outside of his residence. BLAKE told Master Deputy Baldwin he was depressed and took a bottle of Wellbutrin in an attempt to kill himself.

8.  BLAKE admitted he had previously spent three weeks in Summit Healthcare due to depression. BLAKE agreed to go back to the hospital for treatment.

9.     BLAKE refused to provide Master Deputy Baldwin with the empty bottle of Wellbutrin and refused to allow NCSO to enter his fifth wheel trailer to look for the prescription bottle.

10.    BLAKE told Master Deputy Baldwin "I have a grenade and I was going to blow myself up." BLAKE described the grenade as a "pineapple grenade". BLAKE refused to allow Master Deputy Baldwin to enter his fifth wheel trailer to find the grenade.

11.    On January 3, 2022, NCSO obtained a Superior Court Search Warrant, #SW202200001, signed by Judge Hardy. During the execution of the search warrant, the "pineapple grenade" was located inside the fifth wheel trailer. The grenade was black in color with a green fuse coming out of the top. The green fuse was coiled up with a piece of blue tape wrapped around the loops of fuse. The Arizona Department of Public Safety (AZ DPS) Bomb Squad took custody of the device.

12.    A photograph of the grenade is shown below:



13.    While NCSO was conducting the Search Warrant, BLAKE called NCSO dispatch and was patched through to Master Deputy Baldwin. BLAKE asked why NCSO was inside his trailer. Master Deputy Baldwin advised BLAKE they had a Search Warrant to enter the trailer to locate and seize the grenade. BLAKE stated if NCSO took the grenade he would have to make another one. BLAKE told Master Deputy Baldwin there was gunpowder inside the grenade, and he had the technology to make more grenades.

14.    BLAKE told Master Deputy Baldwin if he was going to be charged with a crime, "All hell is going to break loose."

15.    AZ DPS Bomb Technician R. DeRango described the pineapple grenade as a steel housing with threaded bolts on the top and bottom of the housing. The top bolt had a hole through which the fuse passed into the grenade. AZ DPS Bomb Squad opened the grenade and found a black granular powder which flashed and burned similar to black powder. The fuse was tested and burned similar to time fuse. AZ DPS Bomb Technician DeRango stated the grenade appeared to be a functional device. AZ DPS Bomb Technician DeRango examined the entire device and found no visible serial number on the device.

16.    On January 5, 2022, an arrest warrant for MARK ARNOLD BLAKE was signed by Michelle H. Burns, United States Magistrate Judge.

17.    On January 13, 2022, BLAKE was arrested in Show Low, Arizona. BLAKE had, in his possession, a black Galaxy A01 cellular telephone with a broken screen, serial number (s/n): R9PR508Y76K.

18.    BLAKE told arresting Agents the Galaxy A01 cellular telephone belonged to him and requested Agents power off the device to save the battery. The device was secured by Agents with the remainder of BLAKE's personal property.

19.    A check of military databases indicated BLAKE had not been a member of any military branch and would not have had explosives training through the military.

20.    NCSO Master Deputy Baldwin advised BLAKE did not have any instructional manuals on how to assemble a grenade in his trailer. Additionally, BLAKE did not have any computers in his trailer, only the cellular telephone in BLAKE's possession.

21.    Based upon my knowledge, experience, and training in criminal and terrorism investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are hundreds of websites on the internet with instructions on how to make an explosive device.

## CONCLUSION

Based on the foregoing, your affiant respectfully submits there is probable cause to believe that MARK ARNOLD BLAKE, who owns a black Galaxy A01 cellular telephone with a broken screen, s/n: R9PR508Y76K, used the device to research how to make a destructive device, which he knowingly and unlawfully possessed, that is an explosive grenade or an explosive bomb made from a grenade shell that was black in color with a green fuse, which was not identified by a serial number as required by chapter 53 of Title 26 of the United States Code and 27 C.F.R. § 479.102, in violation of Title 26, United States Code, Sections 5842, 5845(a) & (f), 5861(i), and 5871, which make it a crime to possess a destructive device which is not identified by a serial number.

Respectfully submitted,

*Dawn A Martin*

Dawn A Martin
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this __21st__ of January, 2022.

Camille D. Bibles
United States Magistrate Judge